UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO FRANCISCO MEDINA LEYVA, et al.,<br>Plaintiffs,<br>v.<br>GENERAL MOTORS LLC,<br>Defendant. | No. 2:25-cv-03585-DC-JDP<br><br>ORDER GRANTING MOTION TO REMAND<br><br>(Doc. No. 7) |

This matter is before the court on Plaintiffs' motion to remand this case to the Solano County Superior Court. (Doc. No. 7.) Pursuant to Local Rule 230(g), the pending motion was taken under submission to be decided on the papers. (Doc. No. 9.) For the reasons explained below, the court will grant Plaintiffs' motion to remand.

**BACKGROUND**

On September 2, 2025, Plaintiffs Sergio Francisco Medina Leyva and Lidia Esperanza Rojas filed the complaint initiating this action in Solano County Superior Court against Defendant General Motors LLC. (Doc. No. 1-1 at 5–6.)

In their complaint, Plaintiffs allege that on January 4, 2024, Plaintiffs purchased a 2024 Chevrolet Silverado 2500 HD Crew Cab ("the Subject Vehicle"), manufactured and/or distributed by Defendant. (*Id.* at 7.) Plaintiffs allege that after they took possession of the Subject Vehicle, it

exhibited defects to its infotainment and transmission systems, which render the vehicle non-conforming with Defendant's express and implied warranties. (*Id.*) Plaintiffs delivered the Subject Vehicle to Defendant for repair or replacement, but Defendant failed to conform the Subject Vehicle to Defendant's express or implied warranties or to otherwise comply with its obligations under California's Song-Beverly Consumer Warranty Act. (*Id.*)

Plaintiffs allege four causes of action against Defendant, relating to Defendant's alleged violations of California's Song-Beverly Consumer Warranty Act. (*Id.* at 6–10.)

On September 2, 2025, Plaintiffs filed the complaint initiating this action in the Solano County Superior Court against Defendant General Motors LLC. (*Id.* at 5–6.) On September 11, 2025, Defendant answered Plaintiffs' complaint in the superior court. (Doc. No. 1–2.)

On December 11, 2025, Defendant filed a notice of removal removing the case to this court on the basis of diversity jurisdiction. (Doc. No. 1.)

Plaintiffs filed the pending motion to remand on December 30, 2025. (Doc. No. 7.) On January 13, 2026, Defendant filed an opposition to the pending motion. (Doc. No. 8.) Plaintiffs filed a reply thereto on February 20, 2026. (Doc. No. 10.)

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A defendant may remove any action from state court to federal court when the federal court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). Removal to federal court is proper when a case filed in state court poses a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a).

The party removing the action has the burden of establishing grounds for federal jurisdiction by a preponderance of the evidence. *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) (citing *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal statutes are strictly construed against jurisdiction. *Grancare, LLC v. Thrower by &*

*through Mills*, 889 F.3d 543, 550 (9th Cir. 2018) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). A federal court must remand the case to state court if there is any doubt as to right of removal. *Id.*; *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

## ANALYSIS

### A. Timeliness of Removal

Pursuant to 28 U.S.C. § 1446, there are two distinct 30-day periods during which a case may be removed to federal court. 28 U.S.C. § 1446(b). Specifically, a case may be removed: (1) within thirty days after the defendant's receipt of the initial pleading, or (2) within thirty days from when the defendant receives "an amended pleading, motion, order or other paper" that indicates a basis for removal that was not "affirmatively revealed" in the initial pleading. *Id.*; *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694–95 (9th Cir. 2005). Regarding the first scenario, the Ninth Circuit clarified that removability is "determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or duty to make a further inquiry." *Harris*, 425 F.3d at 694. Thus, if removability is unclear from the initial pleading, "the case is 'not removable' at that stage." *Id.* at 693. The second 30-day period is triggered when there occurs in a case "a change in the parties or other circumstances revealed in a newly-filed 'paper.'" *Id.* at 694.

Here, the parties disagree as to whether Defendant was put on notice of the grounds for this case to be removed to federal court. Plaintiffs first argue that Defendant was on notice of the removability of the superior court action as of Defendant's receipt of the complaint because the complaint includes the year, make, model, and VIN number of the Subject Vehicle. (Doc. No. 7 at 12–15.) Thus, Plaintiffs contend that Defendant's removal is untimely under the first 30-day period of removal. Defendant counters that Plaintiffs' citizenship and the amount in controversy are indeterminable from the face of the complaint, so this action's removability was not triggered at the time the complaint was served. (Doc. Nos. 1 at 7–10, 8 at 19–23.)

When a complaint alleges the plaintiffs' residency, but omits their domicile or citizenship, the first thirty-day window of removability is not triggered. *Harris*, 425 F.3d at 692 (quoting 28

U.S.C. § 1446(b)). "[T]he first thirty-day period for removal in 28 U.S.C. § 1446(b) only applies if the case stated by the initial pleading is removable on its face." *Id.* at 694. Here, Plaintiffs allege only that they are residents of Vallejo, California. (Doc. No. 1-1 at 6.) Plaintiffs' complaint is bereft of information regarding Plaintiffs' domicile or citizenship, which is insufficient to establish citizenship. *See Babekian v. Gen. Motors, LLC*, No. 2:25-cv-03412-DAD-JDP, 2026 WL 2824785, at *3 (E.D. Cal. Sept. 21, 2026) (finding a plaintiff's citizenship was insufficiently alleged because the complaint alleged "only [p]laintiff's residency, not his domicile or citizenship"). Thus, the court finds that removability is not ascertainable from the face of the complaint because Plaintiffs' citizenship was not plainly determinable there, such that the first 30-day period of removability was not triggered.

Second, Plaintiffs aver that Defendant was put on notice of removability when Plaintiffs produced to Defendant the sales contract for the Subject Vehicle. (Doc. No. 7 at 14.) In the motion to remand, Plaintiffs state that on November 7, 2025, they produced to Defendant a copy of the Subject Vehicle's sales contract. (Doc. No. 7 at 9–10.) Plaintiffs argue their production of the sales contract to Defendant constitutes a trigger for the second 30-day period of removal, such that Defendant's deadline for removal was December 7, 2025, which renders its removal on December 11, 2025 untimely. (*Id.*) In opposition, Defendant contends that no "other paper" put it on notice of removability and argues that the second 30-day period does not apply because Defendant did not rely on the sales contract in removing this case, but rather, Defendant conducted an independent investigation to determine whether there were grounds for removal. (Doc. No. 8 at 13.)

The court finds Defendant's contention in this regard to be unsupported. Notably, in a similar case in this district, Defendant filed a nearly identical opposition to a plaintiff's motion to remand raising the same contention. *Hernandez v. Gen. Motors, LLC*, No. 2:25-cv-03417-DJC-JDP, 2026 WL 1045542 (E.D. Cal. Apr. 17, 2026). There, the district court granted the plaintiff's motion to remand where the plaintiff produced to Defendant a vehicle's sales contract and Defendant did not remove the case until 53 days after the date the sales contract was produced. *Hernandez*, 2026 WL 1045542 at *2. The district court reasoned that Defendant's opposition was

bereft of information that would provide the court with context as to why Defendant was unable to calculate, using the sales contract, its estimate of actual damages to determine whether there were grounds to remove the case to federal court. *Id.* (citing to *Penaloza v. General Motors, LLC*, 22:25-cv-06831-WLH-JC, 2025 WL 2701875, at *3 n.3 (C.D. Cal. Sept. 23, 2025)) (remanding case where General Motors did not identify specific omissions from a plaintiff's statutorily required disclosures that would have formed the basis of removal and instead relied on "cryptic references to a preliminary investigation" to justify the timeline of removal). In *Hernandez*, the court emphasized that "in the Opposition, General Motors does not meaningfully engage with the 'other paper' trigger under 28 U.S.C. § 1446(b)(3), contending generally that the Complaint itself was insufficient for determining actual damages." *Id.*

Here, just as in *Hernandez*, after Plaintiffs filed their complaint, they produced to Defendant the sales contract for the Subject Vehicle. (Doc. Nos. 7 at 8; 8-1 at 2.) In its opposition to Plaintiffs' motion to remand, Defendant contends "Plaintiffs cannot argue that they served an 'other paper' that triggered the deadline to remove under 28 U.S.C. § 1446(b)(3)" and asserts that "removal was timely because GM removed based on its own investigation which concluded in the 30 days prior to removal." (Doc. No. 8 at 13.) Yet, as in *Hernandez*, Defendant does not identify what specific information was missing or explain why, given Plaintiffs' production of the sales contract, Defendant's further investigation was necessary, or on what date Defendant's further investigation yielded information that put it on notice that this case was removable. (*Id.*); *Cf. Lopez v. Gen. Motors, LLC*, No. 2:25-cv-06549-MWF-MAA, 2025 WL 2629545 (C.D. Cal. Sept. 11, 2025) (explaining that because the defendant "presented evidence" that information produced by the plaintiff was necessary for defendant to calculate actual damages, the deadline for removal was not triggered until those materials were received); *Brannon v. Jaguar Lang Rover N. Am.,* LLC, No. 2:24-cv-0256-DC-JDP, 2024 WL 4616149 (E.D. Cal. Oct. 30, 2024) at *3 (agreeing with the defendant's argument that "the second thirty-day period applie[d] because [the defendant] did not have adequate information to calculate the amount in controversy until it received a copy of the vehicle lease agreement on July 30, 2024, from the leasing dealer").

In Defendant's notice of removal, Defendant argues it has "estimated the purchase price

for the subject 2024 Chevrolet Silverado 2500 to be $120,480.64" and avers that its "preliminary investigation also estimated $16,663.13 in total deductions including estimates of statutorily required deductions for mileage offset, third-party service contracts, manufacturer's rebate, and negative equity . . . [and] [t]his yields a plausible estimate of actual damages of $103,817.51." (Doc. No. 1 at 5.) Defendant has not shown, let alone argued, that this information was unavailable for Defendant to calculate this estimate when Plaintiffs produced to Defendant the sales contract on November 7, 2025.

Thus, Defendant has not persuaded the court that the sales contract produced by Plaintiffs is not an "other paper" sufficient to trigger the second thirty-day period for removal. Because the thirty-day period to remove under 28 U.S.C. § 1446(b)(3) was triggered by Plaintiffs' November 7, 2025 production, and Defendant did not remove until December 11, 2025, Defendant's removal was untimely.

Therefore, the court will grant Plaintiffs' motion to remand.[1]

**CONCLUSION**

1. Plaintiffs' motion to remand this case to the Solano County Superior Court (Doc. No. 7) is GRANTED;
2. This matter is remanded to the Solano County Superior Court, pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **September 30, 2026**

Dena Coggins
United States District Judge

[1] Because the court finds that Defendant's removal was untimely, it need not address the parties' arguments relating to the amount in controversy.